88     APPELLATE COURTS OF ILLINOIS.

VOL. 81.] Donk Bros. Coal & Coke Co. v. Freeburg Mining Co.

## Donk Bros. Coal and Coke Co. v. Freeburg Mining Co.

1. CONTRACTS—*Construction.*—Where a party agreed to purchase of a mining company at least three car loads of coal on every working day, for a period beginning on the first day of September, A. D. 1896, and ending on the first day of May, A. D. 1897, provided that he should not be bound to purchase more than three loads on every working day during the said period, but should have the privilege to demand as many car loads on such working day in excess of three, as the said mine was capable of producing, *it was held* that such party was bound to take and pay for not less than three car loads on each working day; that taking none on some days and enough on others to bring up the average to three cars a day, would not meet the requirements of the contract. The contract bound the company to furnish as many car loads on each working day as the party might want to take on that day, limited only by the capacity of the mine.

Assumpsit, for breach of contract. Trial in the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFFER, Judge, presiding. Finding and judgment for plaintiff; appeal by defendant. Heard in this court at the August term, 1898. Affirmed. Opinion, filed March 10, 1899.

WILLIAM E. FISSE and MARSHALL W. WEIR, attorneys for appellant.

BARTHEL & FARMER, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in assumpsit in the St. Clair Circuit Court, by appellee against appellant, to recover damages for breach of the following contract:

"This agreement, made and entered into this 12th day of August, A. D. 1896, by and between the Freeburg Mining Company, a corporation, party of the first part, and Donk Bros. Coal and Coke Company, a corporation organized under the laws of the State of Missouri, party of the second part, witnesseth: That the said party of the first part has agreed, and by these presents does covenant and agree, to and with the said party of the second part, its successors and assigns, to sell and deliver to the said party of the second part all of the output of coal from its mines in Freeburg, Illinois, excepting only so much thereof as it may

need for its local trade, and for the Reichert Co., and the Dulb Milling Co. for their own use, for the price and sum of forty-seven and one-half cents per ton, free on board cars at Freeburg, Illinois, for a period beginning on the first day of September, A. D. 1896, and ending on the first day of May, A. D. 1897; and the said party of the second part agrees for the said period, to purchase of the said Freeburg Mining Company at least three car loads of coal on every working day at the said price of forty-seven and one-half cents per ton.

While the said party of the second part shall not be bound to purchase more than three loads on every working day during said period, yet it shall have the privilege to demand as many car loads to a working day in excess of three car loads, as the said mine may be capable of producing, and shall pay for all of such coal the price and sum of forty-seven and one-half cents per ton, free on board cars at Freeburg, Illinois.

It is understood that the contract heretofore made between the parties hereto, under which the said first party bound itself to deliver to said second party coal at forty-two and one-half cents per ton, shall continue until the first day of September, A. D. 1896, and shall cease on said day, and that thereupon this contract shall go into effect.

And the said party of the first part agrees that it will sell no coal produced by its said mines (excepting such as it may sell for local use, or to the Reichert Milling Co. and Dulb Milling Co. for their own use) unto any person excepting the second party hereto; and said first party further agrees that it will deliver to the said second party, in the manner aforesaid, at least three car-loads of coal on every working day during the said period.

It is further understood and agreed between the said parties that the said party of the second part does not bind itself to furnish to the said first party cars for the transportation of any of the coal hereinbefore mentioned, but that such cars must be procured by the first party itself.

In witness whereof the said parties have caused these presents to be signed in duplicate, by their respective officers, on the day and year first aforesaid.

FREEBURG MINING COMPANY,<br>By CHAS. BECKER,<br>Secretary and Treasurer.

DONK BROS. COAL & COKE CO.,
   By EDWIN H. COMRADES,
Vice-President."

90    APPELLATE COURTS OF ILLINOIS.

VOL. 81.]    Donk Bros. Coal & Coke Co. v. Freeburg Mining Co.

The declaration avers that, under the contract, it was the duty of appellant to take from the switch at appellee's mine in Freeburg at least three cars of coal on each working day during the time specified in the contract, and to pay for the same at the price specified; and avers that appellant failed and refused to take three car loads of coal each working day as required by the terms of the contract, whereby appellee sustained damages.

To appellee's declaration, appellant pleaded non-assumpsit.

By agreement, the case was tried by the court without a jury. The court found the issues for appellee and assessed its damages at $121.66, and rendered judgment against appellant for that sum with costs.

Appellant assigns errors as follows: The court erred in finding the issues for appellee, in rendering judgment in any sum against appellant, and that, the finding of the court and the judgment thereon, were against the law and the evidence.

Appellee assigns as cross-errors, that the court erred in finding the amount of appellee's damages too small, and in not rendering judgment for appellee for the full amount of damages shown by the evidence.

Appellee does not claim that appellant failed to pay for all the coal it took, but it claims that on each of many working days during the time covered by the contract, appellant failed and refused to take three car loads, as it was bound by the contract to do.

Appellant admits that on many working days it took no coal, but contends that on other days it took more than three car loads and that upon the whole it lacked only thirty-five cars of taking an average of three cars for each working day, and sets up as an excuse for not taking as many as three cars on *each* working day, that the railroad company on some days would not haul them.

We are of opinion that by the terms of the contract appellant was bound to take and pay for not less than three car loads on *each* working day; that taking none on some days and enough on others to bring up the average to three

cars a day would not meet the requirements of the contract.

The contract bound appellee to furnish as many car loads on *each* working day as appellant might want to take on that day, limited only by the capacity of the mine.

When appellant took more than three cars on any particular day, it took only what it had a right, under the contract, to have for that day and what appellee was bound to furnish, and when it took none, on a particular day, it failed to take the three cars that appellee had a right, under the contract, to furnish for that day and that appellant was bound to take. The fact that the railroad company, on some days, would not haul the loaded cars, does not avail appellant as a defense. It was appellee's duty to procure the cars and load them, and appellant's duty to take them away.

Appellant contends, that as it took during the time all the cars that were actually loaded, there can be no recovery.

When appellee had loaded three cars, with as many more, if any, as appellant had demanded for a day, it had fully kept its part of the contract for that day. The contract contemplated that appellant should take the cars each day. Appellee was not bound to load cars for a succeeding day until those loaded for the preceding day had been taken.

The evidence clearly shows that appellee delivered according to the terms of the contract all the coal appellant would take, and stood able, willing and ready to deliver all the contract called for; that on many working days during the time covered by the contract, appellant failed to take the three car loads which the contract required it to take, and that appellee was thereby damaged.

The amount of damages assessed by the trial judge is fully warranted by the evidence.

We have given the cross-errors due consideration and are of opinion the case ought not to be remanded.

The judgment of the Circuit Court is affirmed.